UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
File No.: 5:25-cv-00271

| | |
|---|---|
| HENRIETTA RENEE MASON, individually and as Administrator of the Estate of Tyrone Mason,<br><br>    Plaintiff,<br><br>    v.<br><br>GARRETT MASON, in his individual capacity,<br><br>    Defendant. | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**<br>**(Fed. R. Civ. P. 12(b)(6))** |

NOW COMES Defendant Garrett Mason (hereinafter "Defendant"), by and through Undersigned Counsel, and submits this Memorandum in Support of Motion to Dismiss. In summary, Plaintiff's substantive due process claim related to the traffic stop should be dismissed because this case is nearly identical to that of *Lewis*, where the Supreme Court held that "high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment, redress[a]ble by an action under § 1983." *County of Sacramento v. Lewis*, 523 U.S. 833, 854 (1998). Specifically, there is nothing in the Complaint that would show that Defendant had an intent to harm Decedent Mason. Furthermore, Plaintiff's substantive due process claim related to any alleged coverup should be dismissed because Plaintiff has no right to an investigation or prosecution. Alternatively, Defendant is entitled to

1

qualified immunity.  Therefore, Plaintiff's first cause of action (substantive due process) should be dismissed, leaving only the failure to render aid claim to proceed to discovery.

## I.  STATEMENT OF CASE

On May 21, 2025, Plaintiff filed her Complaint, alleging two claims against Defendant: (1) a substantive due process claim[1] relating to the traffic stop of Decedent Mason; and (2) a failure to render aid claim[2].  DE-1.  Defendant now files this Motion to Dismiss in lieu of an Answer.

## II.  STATEMENT OF FACTS

"Around 2:25 a.m. on October 7, 2024, Defendant Macario was parked at a Speedway gas station on Capital Boulevard in Raleigh, North Carolina."  *Id.* at ¶ 7. "Defendant Macario was operating an unmarked State Patrol vehicle."  *Id.* at ¶ 8. "Around 2:28, Decedent Mason drove past the gas station where Defendant Macario was parked." *Id.* at ¶ 9.  "Defendant Macario thereafter pulled out of the gas station, engaged in his lights and siren[,]" and attempted to catch up to Decedent Mason "with the intentions of pulling [Decedent Mason] over" for a traffic stop.  *Id.* at ¶¶ 10, 23. "Decedent began accelerating and increasing speed."  *Id.* at ¶ 12.  Defendant Macario's

---

[1] Given that Plaintiff pled the substantive due process claim as a singular cause of action related primarily to the traffic stop, Undersigned Counsel does not believe there to be a separate substantive due process claim related to the alleged cover up.  However, in paragraph 48 of the Complaint, Plaintiff alleged that "Defendant Macario's decision to engage Decedent Mason in a high-speed chase through Raleigh that he knew to be dangerous, *and his subsequent attempts to cover it up*, is conduct that shocks the conscience" (emphasis added).  Therefore, out of an abundance of caution, Undersigned Counsel has addressed this claim separately.

[2] Defendant does not currently move to dismiss the failure to render aid claim.

attempt to catch up[3] to Decedent Mason only lasted approximately one mile and less than one minute before he "disengaged his lights and siren around 2:29 a.m." *Id.* at ¶ 13. Defendant Macario "lost sight of Decedent until he came around the corner and saw the smoke from the wreckage." *Id.* at ¶ 25. Evidently, Decedent Macario "lost control of his vehicle, ran across the concrete median to the opposite side of the road, and collided with a concrete pillar beneath the first highway overpass." *Id.* at ¶ 15. "Defendant Macario approached the area immediately thereafter and saw plumes of smoke and the wreckage of Decedent's vehicle." *Id.* at ¶ 16. "Around 2:30 a.m." (one minute or less after he turned off his lights and Decedent Mason wrecked), "Defendant Macario reengaged his lights, called for emergency responders, and parked his vehicle near the accident scene." *Id.* at ¶ 17. Defendant Macario exited his patrol vehicle, shined his flashlight on the vehicle, and checked the exterior and surroundings of Decedent's vehicle. *Id.* at ¶¶ 18, 19, 22.

### III.  <u>STANDARD OF REVIEW</u>

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may seek dismissal of a complaint for "failure to state a claim upon which relief can be granted." Such a motion should be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The allegations must rise above a "speculative level," and instead, rise to

---

[3] Plaintiff claims that this equates to a police chase. Defendant denies that this was a police chase, but accepts such allegation as true for purposes of this motion.

a "plausible" level.  *Id.* at 555 & 570.  As explained by the United States Supreme Court:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

Courts are required to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts. Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

## IV.     LEGAL ARGUMENT

### A.     PLAINTIFF FAILED TO STATE A VALID SUBSTANTIVE DUE PROCESS CLAIM FOR THE PURSUIT OF DECEDENT MASON

"To establish a substantive due process violation, the plaintiff must show that [defendant's] behavior was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'"  *Dean v. McKinney*, 976 F.3d 407, 413 (4th Cir. 2020). As a threshold issue, courts "must first determine what level of culpability is required for [defendant's] actions to be considered 'conscience shocking.'"  *Id.* at 414 (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 850 (1998)).  "The Supreme Court in *Lewis* described a 'culpability spectrum' along which behavior may support a substantive due process

4

claim." *Id.* (quoting *Lewis*, 523 U.S. at 848–49). The Supreme Court noted that negligence is insufficient to "shock the conscience," but that intent to harm is sufficient. *Lewis*, 523 U.S. at 849.

"In addition to detailing this culpability spectrum applicable to substantive due process claims writ large, *Lewis* is also the Supreme Court's seminal substantive due process case stemming from a police officer's actions during a vehicle pursuit." *Jones v. Baltimore Police Dept.*, 2025 WL 896385 at *7 (D. Md. March 24, 2025). In *Lewis*, two sheriff's deputies witnessed a motorcycle speeding. *Lewis*, 523 U.S. 836. When the deputies activated their emergency lights and attempted to stop the motorcycle, the motorcycle fled, leading to a high-speed pursuit. *Id.* at 836-37.

> For 75 seconds over a course of 1.3 miles in a residential neighborhood, the motorcycle wove in and out of oncoming traffic, forcing two cars and a bicycle to swerve off the road. The motorcycle and patrol car reached speeds up to 100 miles an hour, with [the officer] following at a distance as short as 100 feet; at that speed, his car would have required 650 feet to stop.

*Id.* at 837. Eventually, the motorcycle lost control and wrecked, leading to the death of one occupant and serious injuries to the other occupant. *Id.* A unanimous Supreme Court found in favor of the officers, denying any liability. *Id.* at 855. The Court "h[e]ld that high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment, redress[a]ble by an action under § 1983." *Id.* at 854. The Court reasoned that the deputy

> was faced with a course of lawless behavior for which the police were not to blame. They had done nothing to cause [the driver's] high-speed driving

5

in the first place, nothing to excuse his flouting of the commonly understood law enforcement authority to control traffic, and nothing (beyond a refusal to call off the chase) to encourage him to race through traffic at breakneck speed forcing other drivers out of their travel lanes. [The driver's] outrageous behavior was practically instantaneous, and so was [the pursuing officer's] instinctive response. While prudence would have repressed the reaction, the officer's instinct was to do his job as a law enforcement officer, not to induce [the driver's] lawlessness, or to terrorize, cause harm, or kill. Prudence, that is, was subject to countervailing enforcement considerations, and while [the officer] exaggerated their demands, there is no reason to believe that they were tainted by an improper or malicious motive on his part.

*Id.* at 855.

This case is very similar to *Lewis*: both cases involved a stationary officer witnessing a speeding vehicle; both cases involved officers attempting to initiate a traffic stop; both cases involved a plaintiff-driver who evaded law enforcement; both cases involved a pursuit of less than two minutes (this case, a minute or less; *Lewis*, 75 seconds); both cases involved a pursuit of approximately a mile; both cases involved a suspect who lost control of his vehicle and wrecked; and both cases involved the death of a vehicle occupant.  Like *Lewis*, the facts of this case do not satisfy the intent-to-harm standard, and therefore, do not "shock the conscience."  For those reasons, the Court should dismiss the substantive due process claim as it relates to Defendant Macarcio's pursuit of Decedent Mason.

6

**B. PLAINTIFF FAILED TO STATE A VALID SUBSTANTIVE DUE PROCESS CLAIM FOR THE ALLEGED COVER-UP**

"For a substantive due process claim to survive a motion to dismiss, the plaintiff must allege '(1) that they had a [protected] interest; (2) that the state deprived them of this [protected] interest; and (3) that the state's action falls so far beyond the outer limits of legitimate governmental action that no process could cure the deficiency.'" *Bumpass v. Birkhead*, 2022 WL 943727 at *10 (M.D.N.C. Feb. 22, 2022) (quoting *Sylvia Dev. Corp. v. Calvert Cnty.*, 48 F.3d 810, 827 (4th Cir. 1995)).

"There is 'no right to criminal investigation or criminal prosecution of another.'" *Bumpass*, 2022 WL 943727 at *10 (quoting *Smith v. McCarty*, 349 Fed. Appx. 851, 859 (4th Cir. 2009)); *see also Howard v. City of Durham*, 487 Fed. Supp. 3d 377, 404-05 (M.D.N.C. 2020), *appeal dismissed*, 2021 WL 1529288 (4th Cir. Jan. 27, 2021); *Hoffman v. Smart-Gittings*, 2019 WL 8759417 at *10 (D.S.C. Aug. 26, 2019); *Hart v. City of Santee*, 2017 WL 3158779 at *5 (D.S.C. July 25, 2017). "Similarly, 'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'" *Bumpass*, 2022 WL 943727 at *10 (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

In *Bumpass*, the driver of a car was killed during a traffic stop. *Bumpass*, 2022 WL 943727 at *1. The family members brought a due process claim against the sheriff's deputies who initiated the traffic stop, claiming that family members had "a liberty interest in the investigation into [the driver's] death, alleging that [defendants] violated Plaintiffs' substantive due process rights by covering up and preventing an investigation

7

into the cause of [driver's] death." *Id.* at *10. The court concluded that they did not have a right to such investigation, and therefore, dismissed the due process claim. *Id.* at *11.

This case is similar to *Bumpass*, and the Court should reach a similar conclusion as the Middle District reached. Specifically, in this case, even if there was a cover-up by Defendant Macario (which is denied), Plaintiff has no cognizable interest in the investigation. Therefore, Plaintiff cannot satisfy the first element of a due process claim, and the Court should dismiss the substance due process claim.

## C.   DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY

Alternatively, Defendant should receive qualified immunity for Plaintiff's individual capacity claims because Plaintiff has failed to show that Defendant violated any of Plaintiff's clearly established constitutional rights. The doctrine of qualified immunity protects government officials from actions for civil damages as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, (1985)). "[I]t is effectively lost if a case is erroneously permitted to go to trial." *Mitchell*, 472 U.S. at 526. "The test for qualified immunity is a two-pronged inquiry. The court must determine, in no particular order, (1) whether a constitutional right has been violated on the facts alleged and (2) whether the

8

right was clearly established at the time so that it would be clear to an objectively reasonable officer that his conduct violated that right." *Adams v. Parsons*, 2011 WL 1464856 at \*4 (S.D. W.Va. April 15, 2011) (citing *Saucier v. Katz*, 533 U.S. 194, 200–02 (2001)).

As shown above, Plaintiff's constitutional rights were not violated. However, even if it is determined that Plaintiff had a substantive due process right as alleged in the Complaint, that right was not clearly established at the time. Thus, Defendant should be entitled to qualified immunity and Plaintiff's substantive due process claim should be dismissed.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's substantive due process claim should be dismissed.

Respectfully submitted this the 28th day of July, 2025.

JEFF JACKSON
Attorney General

/s/ Alex R. Williams
Alex R. Williams (N.C.S.B. No. 41679)
Section Head, Public Safety Section
awilliams@ncdoj.gov
North Carolina Department of Justice
P.O. Box 629
Raleigh, North Carolina 27699-9001
Telephone: 919-716-6528
Facsimile: 919-716-6761
*Attorney for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will provide notice to counsel of record as follows:

Bakari T. Sellers
Mario A. Pacella
Amy E. Willbanks
Matthew B. Robins
STROM LAW FIRM, LLC
6923 N. Trenholm Road, Suite 200
Columbia, South Carolina 29206
*Plaintiff's Counsel*

This the 28th day of July, 2025.

/s/ Alex R. Williams
Alex R. Williams
Section Head, Public Safety Section